# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| JAMES R. SALVATO, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:19-cv-05448 |
| GLOBAL LENDING SERVICES, LLC, | |
| Defendant. | DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes JAMES R. SALVATO ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of GLOBAL LENDING SERVICES, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") under 815 ILCS 505/, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

**PARTIES**

4.   Plaintiff is a consumer over-the-age of 18, residing in Kane County, Illinois, which is located within the Northern District of Illinois.

5.   Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6.   Defendant is engaged in the business of offering financial services and collecting or attempting to collect, directly or indirectly, debts owed or due using the mail and telephone from consumers across the country, including consumers located in the State of Illinois.  Defendant is a limited liability company organized under the laws of the State of Delaware, with its principal place of business located at 1200 Brookfield Blvd., Suite 300, Greenville, South Carolina 29607.

7.   Defendant is a "person" as defined by 47 U.S.C. §153(39).

8.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

9.   Several months ago, Plaintiff financed the purchase of his person automobile through Defendant.

10. The instant action stems from Defendant's attempts to collect upon an outstanding balance ("subject debt") Plaintiff purportedly owes to Defendant.

11. Around the summer of 2019, Plaintiff began receiving calls to his cellular phone, (630) XXX-6805, from Defendant seeking to collect on the subject debt.

2

12. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -6805. Plaintiff is and has always been financially responsible for the cellular phone and its services.

13. Defendant mainly uses the phone number (877) 298-1345 when placing phone calls to Plaintiff's cellular phone. Upon information and belief, Defendant has used additional phone numbers when placing collection calls to Plaintiff's cellular phone.

14. Upon information and belief, the above-referenced phone number ending in -1345 is regularly utilized by Defendant during its debt collection activity.

15. During answered calls, Plaintiff has been subjected to a noticeable pause, causing Plaintiff to say "hello" several times, before being connected to a live representative.

16. Upon speaking with one of Defendant's representatives, Plaintiff was informed that Defendant was attempting to collect upon the subject debt.

17. Defendant's constant collection caused Plaintiff to demand that it cease calling him and he requested that any future communications from Defendant be in writing.

18. Despite Plaintiff's efforts, Defendant continued to regularly call his cellular phone until the filing of this action.

19. Plaintiff has received not less than 15 phone calls from Defendant since asking it to stop calling.

20. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in expenses.

21. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

22. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional

distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

23. Plaintiff repeats and realleges paragraphs 1 through 22 as though fully set forth herein.

24. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") or pre-recorded messages without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

25. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The noticeable pause that Plaintiff experienced upon answering Defendant's calls, as well as the fact that Plaintiff had to repeatedly say "hello" before he was connected with a live representative, is instructive that an ATDS was being utilized to generate the phone calls. Additionally, Defendant's continued contacts after Plaintiff demanded that the phone calls stop further demonstrates Defendant's use of an ATDS. Moreover, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

26. Defendant violated the TCPA by placing at least 15 phone calls to Plaintiff's cellular phone using an ATDS without his consent. Any consent that Plaintiff may have given to Defendant was specifically revoked by Plaintiff's demands that it cease contacting him.

27. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

4

28.    Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff

for at least $500.00 per call.  Moreover, Defendant's willful and knowing violations of the TCPA

should trigger this Honorable Court's ability to triple the damages to which Plaintiff  is otherwise

entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, JAMES R. SALVATO, respectfully requests that this Honorable

Court enter judgment in his favor as follows:

   a.   Declaring that the practices complained of herein are unlawful and violate the
        aforementioned statutes and regulations;

   b.   Awarding Plaintiff damages of at least $500.00 per phone call and treble damages
        pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

   c.   Awarding Plaintiff costs and reasonable attorney fees;

   d.   Enjoining Defendant from further contacting Plaintiff seeking payment of the subject
        debt; and

   e.   Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

29.   Plaintiff restates and realleges paragraphs 1 through 28 as though fully set forth herein.

30.   Plaintiff is a "person" and "consumer" as defined by 815 ILCS 505/1(c) and (e) of the

ICFA.

31.   Defendant's collection calls to Plaintiff are "trade" and "commerce" as defined by 815

ILCS 505/1(f) of the ICFA.

32.   The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or
> practices, including but not limited to the use or employment of any
> deception, fraud, false pretense, false promise, misrepresentation or
> the concealment, suppression or omission of any material fact, with
> intent that others rely upon the concealment, suppression or

omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

33. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice in contacting Plaintiff. It was unfair for Defendant to relentlessly contact Plaintiff through means of an ATDS after Plaintiff had notified Defendant to stop calling. Yet, Defendant placed *at least* 15 phone calls to Plaintiff's cellular phone with the intent of harassing Plaintiff to make a payment. Defendant ignored Plaintiff's demands and continued its harassing conduct. Defendant's continued conduct prompted Plaintiff to file this action.

34. Following its characteristic behavior in placing voluminous calls to consumers, Defendant engaged in an unfair and deceptive act, willfully done with the hope that Plaintiff would be compelled to make payment. Further, Defendant intended that Plaintiff rely on its unfair and deceptive conduct. Defendant had been notified of Plaintiff's demands that it cease calling him, but yet Defendant still relentlessly contacted Plaintiff.

35. Plaintiff lacks a meaningful choice to go about avoiding Defendant's contacts, which places an unreasonable burden on Plaintiff to try and address Defendant's conduct. This further underscores the immoral, unethical, oppressive, and unscrupulous nature of Defendant's conduct which is contrary to public policy.

36. The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

37. Defendant's conduct of placing incessant telephone calls to an individual without that individual's consent involves trade practices directed to the market generally and which otherwise implicate consumer protection concerns.

6

38. Plaintiff was the subject of Defendant's incessant and relentless collection efforts. The nature of Defendant's conduct in placing relentless phone calls after consent for such calls had been explicitly revoked is behavior which impacted Plaintiff and which would similarly impact other consumers. Such conduct raises serious consumer protection concerns as entities like Defendant must not be given free rein to harass consumers by placing excessive telephone calls without consumer consent. The relief requested below serves the interests of consumers by ensuring this pervasively unfair conduct is addressed.

39.  The ICFA further states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

40.  As pled in paragraphs 20 through 22, Plaintiff has suffered actual damages as a result of Defendant's unlawful practices. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a.

41.  An award of punitive damages is appropriate because placing *at least* 15 collection phone calls to Plaintiff's cellular phone without permission is egregious conduct. Many of these calls were placed after having verbal demands to cease. Such conduct is hallmark of outrageous, willful, and wanton behavior. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Illinois and for public policy reasons should be penalized.

WHEREFORE, Plaintiff, JAMES R. SALVATO, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

7

b.  Awarding Plaintiff actual and punitive damages, in an amount to be determined at hearing, for the underlying violations;

c.  Awarding Plaintiff costs and reasonable attorney fees;

f.  Enjoining Defendant from further contacting Plaintiff; and

d.  Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: August 13, 2019                                    Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)          s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103               Taxiarchis Hatzidimitriadis, Esq. #6319225
*Counsel for Plaintiff*                                        *Counsel for Plaintiff*
Admitted in the Northern District of Illinois    Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.                             Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200          2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                Lombard, Illinois 60148
(630) 568-3056 (phone)                              (630) 581-5858 (phone)
(630) 575-8188 (fax)                                   (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                        thatz@sulaimanlaw.com